MICHAEL J. BETTINGER (STATE BAR NO. 122196)
IRENE I. YANG (STATE BAR NO. 245464)
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
mike.bettinger@klgates.com
irene.yang@klgates.com

Attorneys for Non-Party
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VISUAL INTERACTIVE PHONE CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIG PLANET, INC., and INFOGEAR TECHNOLOGY CORP., <br><br> Defendants. | Case No. C-99-20936 JW <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rules 3-12 and 7-11, non-party Google Inc., defendant in the action *Visual Interactive Phone Concepts, Inc. v. Google Inc.*, Case No. 3:11-cv-5766 SI ("Google action"), hereby moves the Court in the instant action ("Big Planet action") for a determination that the Big Planet action and the Google action are related, and the Google action should accordingly be reassigned to Judge James Ware.

Under Civil Local Rule 3-12, related cases are ones that "concern substantially the same parties, property, transaction or event" and in which "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The Google action and Big Planet action easily meet this standard. Both were brought by plaintiff Visual Interactive Phone Concepts, Inc. ("VIPC"). Both involve the same two VIPC patents, U.S. Patent Nos. 5,606,361 ("'361 patent") and 5,724,092 ("'092 patent").

In addition, the Google action and the Big Planet action are related to *Visual Interactive Phone Concepts, Inc. v. Apple Inc.*, Case No. 4:11-cv-6238 YGR ("Apple action"), in which Apple intended to file an Administrative Motion to consider whether the Apple action was related to the Big Planet action and the Google action. (Apple action, Joint CMC Stmt, Dkt. No. 48 at 2.) The Apple action likewise was brought by plaintiff VIPC and involves the '361 and '092 patents. However, the parties to the Apple action expect it to be resolved around February 8, 2012. (Apple action, Mtn to Continue CMC, Dkt. No. 57.)

Litigating these cases before different judges will create an unduly burdensome duplication of labor and expense and could lead to conflicting results. In the Big Planet action, the parties briefed claim construction, summary judgment of non-infringement, and preliminary injunction issues. Judge Ware conducted a Markman hearing and construed the term "central data center," which appears in every independent claim of the '361 and '092 patents. (Big Planet action, Dkt. No. 62.) This Court issued orders addressing the parties' claim construction, non-infringement, and preliminary injunction positions. Without relating the Google action to the Big Planet action, two different courts would be ruling on closely related factual and legal issues. Although the Big Planet action is closed, this Court is familiar with the two patents-in-suit and attendant factual and legal issues, and relating the Google and Big Planet actions would alleviate the risk of conflicting results

1 and benefit from judicial streamlining.

2     Accordingly, Google respectfully requests that the Court determine that the Big Planet and
3 Google actions are related and, pursuant to Civil Local Rule 3-12(f)(3), assign the later-filed Google
4 action to Judge James Ware.

5     Counsel for VIPC has not responded to an inquiry from counsel for Google as to whether
6 VIPC opposes this motion, as set forth in the Declaration of Irene Yang filed herewith.

Dated:  February 15, 2012                    Respectfully submitted,

/s/  Michael J. Bettinger
MICHAEL J. BETTINGER
IRENE I. YANG
K&L GATES LLP

Attorneys for Non-Party
GOOGLE INC.